**ELSMERE MUSIC, INC.,**
**Plaintiff-Appellant,**

v.

**NATIONAL BROADCASTING COMPANY,**
**Defendant-Appellee.**

**No. 1180, Docket 80–7145.**

United States Court of Appeals, Second Circuit.

Argued May 28, 1980.

Decided June 9, 1980.

---

Paul Siegert, New York City (Siegert & Miller, Philip R. Kaufman, New York City, on the brief), for plaintiff-appellant.

Pamela G. Ostrager, New York City (Coudert Brothers, Carleton G. Eldridge, Jr., R. David Jacobs, Corydon B. Dunham, Gen. Counsel, Jay E. Gerber, William T. Abbott, N. B. C., New York City, on the brief), for defendant-appellee.

Before FEINBERG, NEWMAN and KEARSE, Circuit Judges.

PER CURIAM:

■ This copyright infringement suit concerns a skit, shown on the television program "Saturday Night Live," poking fun at New York City's public relations campaign and its theme song. In the four-minute skit the town fathers of Sodom discuss a plan to improve their city's image. The satire ends with the singing of "I Love Sodom" to the tune of "I Love New York." The District Court for the Southern District of New York (Gerard L. Goettel, Judge) rejected appellant's claim of copyright infringement, concluding that the parody was protected fair use. Believing that, in today's world of often unrelieved solemnity, copyright law should be hospitable to the humor of parody, and that the District Court correctly applied the doctrine of fair use, we affirm on Judge Goettel's thorough opinion.[1] 482 F.Supp. 741.

---

1. The District Court concluded, among other things, that the parody did not make more extensive use of appellant's song than was necessary to "conjure up" the original. 482 F.Supp. at 747. While we agree with this conclusion, we note that the concept of "conjuring up" an original came into the copyright law not as a limitation on how much of an original may be used, but as a recognition that a parody frequently needs to be more than a fleeting evocation of an original in order to make its humorous point. *Columbia Pictures Corp. v. National Broadcasting Co.*, 137 F.Supp. 348, 354 (S.D.Cal.1955). A parody is entitled at least to "conjure up" the original. Even more extensive use would still be fair use, provided the parody builds upon the original, using the original as a known element of modern culture and contributing something new for humorous effect or commentary.