787 F.2d 592
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PRO ARTS, INC., Plaintiff-Appellee, Cross-Appellant,
v.
HUSTLER MAGAZINE, INC.; SLAM MAGAZINE, INC.; LEASURE TIME
PRODUCTS AND ASSOCIATED COMPANIES; LARRY FLYNT DIST. CO.;
LARRY FLYNT DISTRIBUTING; LARRY FLYNT PUBLICATIONS; LARRY C.
FLYNT; ALTHEA FLYNT; DANNER PRESS CORP.; WISCONSIN CUNEO
PRESS, INC., Defendants-Appellants, Cross-Appellees.
 85-3022, 85-3041
 United States Court of Appeals, Sixth Circuit.
 3/25/86
 
 REVERSED AND VACATED
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: CONTIE and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal and cross-appeal (sic) involves an action under the Copyright Act of 1976, 17 U.S.C. Sec. 101 et seq. Plaintiff, Pro Arts, Inc., brought this action against defendants, numerous entities associated with the publication and distribution of Hustler and Slam Magazines, alleging copyright infringement of a poster of celebrity Farrah Fawcett which plaintiff created and copyrighted in 1976. Although finding that application of the four factors set forth in 17 U.S.C. Sec. 107 for determining what constitutes fair use supported defendants' claim of a fair use defense, the district court nevertheless held that defendants' activity constituted copyright infringement in violation of 17 U.S.C. Sec. 501 and awarded plaintiff $5,000.00 in statutory damages. Additionally, the district court, pursuant to 17 U.S.C. Sec. 505, awarded plaintiff attorneys' fees in the amount of $5,850.68. Because we held that fair use constitutes a valid defense to plaintiff's suit for copyright infringement, we reverse.
 
 I.
 
 2
 Prior to June, 1978, defendant LFP, Inc., created a single-page advertisement soliciting subscriptions for Slam Magazine. The advertisement depicted a teenage boy in his room and the advertisement's heading stated, 'Save This Child From The Seventies.' On a wall behind the teenager appeared a shelf having on it a backgammon board, a small doll and a pair of bookends in the form of two fists; a second shelf having on it five volumes of a book entitled 'Jaws' and a football; and two posters, a poster of John Travolta dancing in a scene from the film 'Saturday Night Fever,' and plaintiff's poster. Defendants' reproduction of plaintiff's poster was the approximate size of a postage stamp and thus comprised only a small portion of the content of the advertisement. The advertisement appeared in the July 1978 issue of Slam Magazine and the August 1978 issue of Hustler Magazine. (See Appendix A.)
 
 
 3
 Plaintiff brought this action alleging that defendants' use of its poster constituted copyright infringement. However, defendants asserted that their conduct constituted fair use of the poster. The parties stipulated to the facts and agreed to have the district court decide the merits of the action. The district court initially concluded that consideration of the four factors delineated in 17 U.S.C. Sec. 107 for determining what constitutes fair use 'favor[ed] application of the fair use doctrine to defendants' . . . activity.' The district court, however, held that because defendants' use was commercial in nature and because defendants knew that they could not have secured plaintiff's consent to use the poster, the defendants should not receive the benefit of the fair use defense.
 
 II.
 
 4
 Fair use is often defined as the "privilege in others than the owner of a copyright to use the copyrighted material in a reasonable manner without his consent, notwithstanding the monopoly granted to the owner . . .." Marcus v. Rowley, 695 F.2d 1171, 1174 (9th Cir. 1983) (quoting Rosemont Enterprises, Inc. v. Random House, Inc., 366 F.2d 303, 306 (2d Cir. 1966), cert. denied, 385 U.S. 1009 (1967)). See also Consumers Union of United States, Inc. v. General Signal Corp., 724 F.2d 1044, 1048 (2d Cir. 1983), cert. denied, 105 S. Ct. 100 (1984); Triangle Publications, Inc. v. Knight-Ridder Newspapers, Inc., 626 F.2d 1171, 1174 (5th Cir. 1980). The Copyright Act of 1976 (the 'Act') codified the fair use defense. In determining whether the use made of a work in any particular case is a fair use, four factors are to be considered. 17 U.S.C. Sec. 107.
 
 
 5
 The first factor is 'the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes.' As the district court noted, the primary motive underlying defendants' use of plaintiff's poster was commercial. Contrary to the district court's analysis, however, commercial motivation, while relevant to the fair use inquiry, is not conclusive. See Sony Corp. v. Universal City Studios, Inc., 104 S. Ct. 774, 792 (1984); Consumers Union, 724 F.2d at 1049; MCA, Inc. v. Wilson, 677 F.2d 180, 183 (2d Cir. 1981); Triangle Publications, 626 F.2d at 1175. See generally 3 Nimmer on Copyright Sec. 1305[A] at 13-69 (1985). The commercial character of defendants' use must be weighed along with the other factors relevant to the fair use issue.
 
 
 6
 The facts of the instant case caution against according too much weight to this factor. While the primary purpose of defendants' use of the poster, which was reduced to the approximate size of a postage stamp, was commercial gain, it is apparent that a secondary purpose of the advertisement was to parody the culture of the seventies. In Berlin v. E. C. Publications, Inc., 329 F.2d 541 (2d Cir. 1964), the court stated that where 'the parody has neither the intent nor the effect of fulfilling the demand for the original, and where the parodist does not appropriate a greater amount of the original work than is necessary to 'recall or conjure up' the object of his satire, a finding of infringement would be improper.' See also Elsmere Music, Inc. v. National Broadcasting Co., 623 F.2d 252, 253 (2d Cir. 1980). In the instant case, the district court found that defendants' activity did not impact upon plaintiff's sales of the poster. Moreover, duplication of the entire poster reduced to the approximate size of a postage stamp was used to 'recall or conjure up' the object of the parody.
 
 
 7
 The second factor we must consider is 'the nature of the copyrighted work.' 'In so doing, the court may consider, among other things, whether the work was creative, imaginative, and original, . . . and whether it represented a substantial investment of time and labor made in anticipation of financial return.' MCA, 677 F.2d at 182 (citation omitted). In the instant case, the district court found that plaintiff's poster is 'purely commercial' in nature and concluded that this factor 'neither supports nor hurts' defendants' claim of fair use. The district court did, however, find that defendants' activity did not, in any way, reduce plaintiff's financial return on its investment in the poster. Cf. Wainwright Securities Inc. v. Wall Street Transcript Corp., 558 F.2d 91, 96 (2d Cir. 1977), cert. denied, 434 U.S. 1014 (1978) (court held that where the copyrighted material is commercial in nature, the fair use defense is unavailable if the use impairs the commercial value of the original work).
 
 
 8
 The third factor we must consider with respect to the fair use defense is 'the amount and substantiality of the portion used in relation to the copyrighted work as a whole.' As the district court intimated, this factor cuts in favor of defendants. Defendants' reproduction was only a small fraction of the size of the original poster and comprised only a small portion of the advertisement.
 
 
 9
 The fourth factor we must consider in evaluating fair use is 'the effect of the use upon the potential market for or value of the copyrighted work.' 'If one looks at the fair use cases . . . this emerges as the most important, and indeed, central fair use factor.' 3 Nimmer on Copyright Sec. 13.05[B] at 13-76 (1985). See also Consumers Union, 724 F.2d at 1050; Marcus, 695 F.2d at 1177; Triangle Publications, 626 F.2d at 1177. Recently, the Supreme Court explained the policy underlying the importance of this factor:
 
 
 10
 The purpose of copyright is to create incentives for creative effort. Even copying for noncommercial purposes may impair the copyright holder's ability to obtain the rewards that Congress intended him to have. But a use that has no demonstrable effect upon the potential market for, or the value of, the copyrighted work need not be prohibited in order to protect the author's incentive to create.
 
 
 11
 Sony, 104 S. Ct. at 793. The court in Consumers Union stated a similar explanation:
 
 
 12
 The fourth factor is aimed at the copier who attempts to usurp the demand for the original work. . . . The theory behind the copyright laws is that creation will be discouraged if demand can be undercut by copiers. Where the copy does not compete in any way with the original, this concern is absent.
 
 
 13
 724 F.2d at 1050-51 (citations omitted). In the instant case, the district court found that this factor weighed heavily in favor of defendants. The district court stated, 'It is apparent . . . that the defendants' conduct did not, and will not, affect the potential market for, or value of, that poster.'
 
 
 14
 Applying the four factors specified in 17 U.S.C. Sec. 107, and giving heavy emphasis to the fourth factor, we conclude that the fair use defense applies in this case and that the district court erred in holding it did not. In viewing 'the general commercial nature of defendants' use' as dispositive of the question of fair use, the district court incorrectly applied 17 U.S.C. Sec. 107. MCA, 677 F.2d at 183. The district court further erred in considering the fact that plaintiff would not consent to defendants' use relevant to the fair use determination. Fair use does not require the copyright owner's consent. MCA, 677 F.2d at 183; Triangle Publications, 626 F.2d at 1175. Rather, fair use, as a statutory defense, anticipates that consent will not be forthcoming. Id.
 
 III.
 
 15
 On cross-appeal plaintiff argues that the district court abused its discretion in refusing to award the full amount of attorneys' fees requested by plaintiff. Under the Act, attorneys' fees may only be awarded to the 'prevailing party.' 17 U.S.C. Sec. 505. Because we hold that defendants' conduct did not constitute copyright infringement, plaintiff, having not prevailed herein, has failed to satisfy the condition precedent to an award of attorneys' fees.
 
 IV.
 
 16
 For the reasons stated above, we REVERSE the district court's finding of copyright infringement and VACATE the award of damages and attorneys' fees.